UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 3, 2006
Decided October 24, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-4104

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 04 CR 20017 |
| DANNY D. FORTNER, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

Danny Fortner pleaded guilty to knowingly possessing five grams or more of methamphetamine with intent to distribute and distributing five or more grams. Over Fortner's objection, the district court added to his base offense level three levels for his role as a manager/supervisor under United States Sentencing Guideline § 3B1.1. Fortner appeals his sentence, arguing that the court relied on unreliable and insufficient evidence to support the enhancement and that his sentence is unreasonable. We affirm.

Fortner, a 51-year-old career criminal with several potentially serious medical conditions, pleaded guilty to distributing five or more grams of methamphetamine and possessing five or more grams of methamphetamine with

intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). At the plea colloquy, Fortner pleaded guilty to one sale of 13.9 grams of methamphetamine to a confidential source and to possession with intent to distribute 13 grams of methamphetamine on a separate occasion.

The probation officer recommended a 3-level increase in Fortner's base offense level under § 3B1.1(b) for Fortner's role as a manager or supervisor in an organization involving 5 or more participants. The presentence report ("PSR") calculated drug amounts attributed to Fortner based on police reports and informants' reports that listed several other persons who "sold for" Fortner and one individual who claimed to have been instructed to sell drugs by Fortner. Fortner objected to specific paragraphs in the PSR, including these findings of relevant conduct attributable to him, as being based upon unreliable hearsay evidence "from people who aren't under oath and who have various motivations." Fortner also objected to the PSR's recommended 3-level increase in his base level offense status for his role as a manager or supervisor in the offense, stating that while two individuals sold drugs "for" him, those he dealt with in drug sales were "independent contractors," over whom he had no control. In his written objections, Fortner stated that "Jeremy Beard and Clint Hadden were the only sellers he had." The district court resolved Fortner's objections by adopting most of the PSR's calculated drug amounts and by imposing the 3-level increase in Fortner's base offense level.

Without the increase, the applicable guidelines range was 188-235 months' imprisonment. With the increase, the range was 262-327 months' imprisonment. The court imposed a 288-month sentence, but stated that it would have sentenced Fortner to the high end of the advisory range, 327 months, if it had notified Fortner of its intent to do so before the sentencing hearing. The court stressed that if the case came back for resentencing, the court would impose at least the same sentence, even if the applicable guideline range were found to be lower than the 262-327 month range, and would sentence Fortner to a longer sentence if the same range applied.

On appeal, Fortner first argues that the evidence was not reliable enough to support the district court's decision that he was a manager or supervisor of the drug ring because it was based solely on the PSR's recitation of hearsay gleaned from unreliable witnesses. Fortner next argues that, even if the district court properly relied on this evidence from the PSR, the evidence that others sold "for" him was insufficient to justify sentencing him as a manager or supervisor under § 3B1.1 because the evidence does not establish that he controlled any other person.

The government, however, argues that Fortner failed to timely raise in the district court (and thereby waived or forfeited) the specific arguments regarding

the finding that he was a manager or supervisor that he now raises on appeal. The government contends that Fortner chose to object only to the district court's finding that more than one person could be a manager or supervisor. The record establishes that Fortner objected to the reliability of the paragraphs related to his managerial or supervisory status in his first objection and the sufficiency of that evidence in his fourth objection to the PSR and in the sentencing hearing. He did not waive or forfeit his arguments regarding the finding that he was a manager or supervisor.

Because Fortner has preserved his argument regarding the reliability of the evidence supporting the finding that he was a manager or supervisor, we review the district court's factual finding regarding Fortner's managerial or supervisory role for clear error. *United States v. Hankton*, 432 F.3d 779, 789 (7th Cir. 2005) (citations omitted). A district court may rely on the PSR in ruling on factual issues in the sentencing context as long as the PSR is based upon sufficiently reliable information; a defendant's mere denials of the information included in the PSR are insufficient to challenge the reliability. *United States v. Willis*, 300 F.3d 803, 807 (7th Cir. 2002). As long as the evidence upon which the district court relied bore "sufficient indicia of reliability to support its probable accuracy," such as internal consistency with or corroboration by other evidence in the record, the district court could properly rely upon it in sentencing. *Hankton,* 432 F.3d at 790-91 (citations omitted).

Here, the PSR presented facts gleaned from arrest reports and statements of witnesses to police, which listed individuals who sold for Fortner and quantities of drugs involved, and in adopting those disputed portions of the PSR, the district court read them into the record. In his written objections and through his attorney at the sentencing hearing, Fortner admitted that two of the listed individuals had been his sellers and corroborated other details, such as the name of his supplier and certain drug quantities. The PSR recitations and Fortner's admissions establish internal corroboration that lends the sufficient indicia of reliability to the evidence Fortner challenges, and Fortner points to no countervailing evidence. Thus, he has not met his burden of calling the reliability or correctness of the facts into question.

Fortner next claims that, even if it is reliable, this evidence is insufficient to show that he was a manager or supervisor of a group he concedes contained five or more individuals, because the evidence that others sold *for* him does not establish, by a preponderance of the evidence, that he exercised controlled over anyone. Instead, he contends that the evidence shows that, at most, he was a distributor. He points out that the only evidence relating to his manager/supervisor status is that others sold *for* him and that one individual stated that he had instructed her to sell drugs (though there is no indication of whether she did sell the drugs). The

district court, however, found that the facts "fit the all-too-familiar pattern that we have plenty of people in the drug business, and they tend to form a pyramid," and that Fortner acted as a manager or supervisor under § 3B1.1.

In determining whether the defendant holds a leadership role, the court may consider several factors, including his "(1) exercise of decision-making authority; (2) participation in committing the offense; (3) recruitment of accomplices; (4) degree of participation in planning or organizing the criminal activity; (5) degree of control or authority exercised over others involved in the criminal activity; and (6) the nature and scope of the illegal activity." *Hankton*, 432 F.3d at 794 (quoting *United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003)). Evidence that establishes only that the defendant was a distributor is insufficient to justify a finding that the defendant was a manager or supervisor. *See United States v. Pagan*, 196 F.3d 884, 892 (7th Cir. 1999). Similarly, fronting drugs to another and receiving payment later is not enough, standing alone, for a § 3B1.1 increase. *See United States v. Brown*, 944 F.2d 1377, 1385-86 (7th Cir. 1991).

Evidence that the defendant had others selling drugs for him, however, may provide sufficient evidence of his managerial or supervisory role, at least when coupled with some evidence that the defendant had control over another in the supply chain, recruited at least one participant, took a greater share of profits, or directed activities, sales, or purchases. *See United States v. Joiner*, 183 F.3d 635, 644 (7th Cir. 1999). The evidence must therefore show that the defendant is above, rather than equal to, at least one other participant in the criminal conduct to support a finding that he was a manager or supervisor. *United States v. Mustread*, 42 F.3d 1097, 1105 (7th Cir. 1994).

Here, the evidence establishes that Fortner was more than a mere distributor or peer of others in his distribution. For instance, one source, Jeanette Scherer, told agents that in 2001 Fortner supplied Rodney Aten and Clint Hadden with methamphetamine to sell, while a confidential source stated that Fortner provided both him and Clint Hadden with methamphetamine to sell in that time frame. In August of 2001, another source, Tracie Oller, told agents that Jeremy Beard and Janet Dunn were distributing for Fortner and that Fortner had provided her with, and instructed her to sell, drugs. A few months later in a covertly recorded conversation, Dunn admitted to selling "dope" for Fortner. In November of 2002, Charlene Ray informed agents that Beard, Dunn, and Hadden, along with four others, were selling drugs for Fortner. In written objections to the PSR and through his attorney at the sentencing hearing, Fortner claimed that Beard and Hadden were his only sellers. In his address to the judge, Fortner stated that he had fronted drugs to Hadden and that it was "like a freelance homeboys thing."

Nothing in the record illustrates whether Fortner recruited those who sold for him or took a greater share of the profits than others. Nor does the record reflect the relationship between Fortner and those who sold for him. Still, if Fortner were a mere distributor, he would likely describe his relationship as selling *to* others, rather than having them sell *for* him or as *his* sellers. Thus, though perhaps supported by less evidence than other cases, the district court's determination here does not lead to a "definite and firm conviction that a mistake has been made," as required for reversal. *See Hankton*, 432 F.3d at 789.

Because the § 3B1.1 finding was proper, the district court's sentence was within the guideline range and thereby entitled to a rebuttable presumption of reasonableness. *United States v. Walker*, 447 F.3d 999, 1007 (7th Cir. 2006); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). *See* 18 U.S.C. § 3553(a). Fortner argues that he has overcome the presumption and shown that his sentence is unreasonable, because: the other defendants in related cases received much shorter sentences; he has serious medical conditions; and his present conviction is for drug offenses involving less than an ounce of illegal drugs.

Fortner presented these arguments to the district court, which thoroughly examined the § 3553(a) factors in sentencing him. The court detailed Fortner's criminal history, which is "not only very lengthy" but also includes "drugs, violence and firearms." (Sent. Tr., at 90-95). *See* § 3553(a)(1). The court expressed its concern that Fortner did not accept responsibility or "understand the seriousness of [his] criminal history, the seriousness of [his] crime." *See* § 3553(a)(1)-(2). The court imposed a lengthy sentence within the guidelines range to deter others, punish Fortner, and protect the public. *See* § 3553(a)(2)-(4). Finally, the court determined that Fortner had not shown that the other defendants sentenced in the related cases were subject to sentences within the same guidelines range, so any difference in their sentences was "irrelevant." The court also considered Fortner's medical condition and recommended an evaluation to determine whether a medical facility was necessary. Given these considerations, the court found that a sentence even at the high end of the guideline range was proper but sentenced Fortner to a term below the mid-point of that range. Fortner has not rebutted the presumption of reasonableness for his within-guidelines sentence.

For these reasons, the judgment of the district court is AFFIRMED.